**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 31, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-10013
_____

MAN KHAC NGUYEN,

                                        Plaintiff-Appellant,

                    versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-528-R
_____

Before REAVLEY, JOLLY, and JONES, Circuit Judges.

PER CURIAM:[*]

Man Khac Nguyen (Nguyen) appeals the district court's dismissal of his Federal Tort Claims Act (FTCA) negligent investigation and false imprisonment claims against the Immigration and Naturalization Service (INS). Because under the FTCA the United States has not waived its sovereign immunity with respect to the actions of the INS in this case, we AFFIRM.

It is undisputed that Nguyen satisfied the statutory requirements of 8 U.S.C. § 1432(a)(repealed) for derivative

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

citizenship when he entered the United States in 1993: at the time of his legal entry he was unmarried, his father had died before he was eighteen and his mother was a United States citizen. However, Nguyen did not claim derivative citizenship, apparently because he was unaware that he qualified.

In 1995 and 1996, Nguyen was convicted of a number of felonies that under INS regulations are considered aggravated felonies. While in jail, Nguyen was identified by an INS agent as a possible deportable alien. Nguyen affirmed his deportability when he, as a convicted felon, told the INS officer that he was born in Vietnam, was a citizen of Vietnam, and had permanent resident alien status. Based on the information furnished by Nguyen, the INS officer began a file on Nguyen. As part of the process, he requested Nguyen's "A file" which contained documents relating to Nguyen's entry into the United States. However, Nguyen's "A file" was unavailable because of a building closure where the file was located.

After Nguyen served his sentence, the INS instituted deportation proceedings against him. At the deportation proceedings, Nguyen was represented by counsel and was assisted by an interpreter. At no time did he make a claim of derivative citizenship or challenge the allegations against him. At the conclusion of the hearings, the immigration judge ordered deportation. The decision was based on ample evidence undisputed by Nguyen or his attorney. That decision was not appealed.

2

Pending deportation, Nguyen was held in INS custody. Approximately fifteen months later, a new attorney made an appearance on behalf of Nguyen. At last, the new attorney asserted a claim of derivative citizenship for Nguyen. The INS released Nguyen ten days later. Nguyen thereafter applied for and obtained a certificate of citizenship.

In March 2000, Nguyen brought suit under the FTCA seeking damages. He alleged that the INS agents were negligent in not investigating properly and in not recognizing that he was a derivative citizen and that he was unlawfully detained. After a two-day bench trial, the district court dismissed the case with prejudice for lack of jurisdiction.

This court reviews a district court's finding that it lacked jurisdiction de novo. Foster v. Townsley, 243 F.3d 210, 213 (5th Cir. 2001). Although the district court found that it lacked jurisdiction on several grounds, we address and affirm only the sovereign immunity ground.

Congress has waived the sovereign immunity of the United States for particular kinds of tort suits under the FTCA. That waiver, however, is subject to several express limitations, which means that in those express situations the federal courts have no jurisdiction over the United States in FTCA cases. One of these limitations is the discretionary function exception, which provides that courts have no jurisdiction over claims against the United

States "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Decisions to investigate, how to investigate and whether to prosecute generally fall within this exception. See Sutton v. United States, 819 F.2d 1289, 1293 (5th Cir. 1987); Smith v. United States, 375 F.2d 243, 247-48 (5th Cir. 1967). However, the discretionary function exception does not necessarily shield the government from liability for intentional torts, such as false imprisonment, perpetrated by its investigative or law enforcement officers. See 28 U.S.C. § 2680(h). This court has recognized that §§ 2860 (a) and (h) exist in tension with each other and that their purposes must be harmonized in each individual case, so as to give each provision meaning without abrogating either provision. Sutton, 819 F.2d 1289, 1295. In this connection, this court has not "hesitated to conclude that [an] action does not fall within the discretionary function of § 2680(a) when governmental agents exceed the scope of their authority as designated by statute or the Constitution." Sutton, 819 F.2d 1289, 1293.

In harmonizing the two provisions in this case, it is significant that the INS officers did not commit a constitutional violation nor did they engage in any conduct that could be described as in bad faith. No regulation or statute prevented the

4

INS agents from pursuing deportation proceedings against Nguyen based on the information available to them. Regulations expressly allow INS agents to make arrests if the agent "has reason to believe that the person to be arrested...is an alien illegally in the United States." 8 C.F.R. § 1287.8(c)(2)(i). The INS agents in this case had sufficient reason to believe, based on repeated admissions, explicit and implicit, by both Nguyen and his attorney, that Nguyen was an alien. Consequently, the detention is not of a character for which a court should refer to § 2680(h) for an exception to the discretionary function. With respect to the claim of negligence in investigating, the only basis asserted is failing to obtain Nguyen's "A file" and failing to otherwise determine from various documents that Nguyen was entitled to derivative citizenship. Because there is no allegation or evidence of intentional misconduct, this is essentially a claim that the INS officers failed to adequately perform a discretionary duty, which falls squarely within the discretionary function exception. Because the INS agents in this case did not exceed their authority either in investigating the case or in detaining Nguyen, their actions are protected by the discretionary function exception of the FTCA.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

5